**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

| | |
|---|---|
| **CHRISTOPHER SKINNER,** individually and on behalf of all others similarly situated, ℅ DannLaw 15000 Madison Avenue Lakewood, OH 44107 <br><br> Plaintiff, <br><br> v. <br><br> BATH & BODY WORKS, INC. ℅ CT Corporation System, Registered Agent 4400 Easton Commons Way, Suite 125 Columbus, OH 43219 <br><br> AND <br><br> BATH & BODY WORKS, LLC ℅ CT Corporation System, Registered Agent 4400 Easton Commons Way, Suite 125 Columbus, OH 43219 <br><br> AND <br><br> BATH & BODY WORKS DIRECT, INC. ℅ CT Corporation System, Registered Agent 4400 Easton Commons Way, Suite 125 Columbus, OH 43219 <br><br> Defendants. | Case No.: <br><br> **CLASS ACTION COMPLAINT** |

Plaintiff Christopher Skinner ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendants Bath & Body Works, Inc., Bath & Body Works Direct, Inc., and Bath & Body Works, LLC (collectively, "Defendants" or "Bath & Body Works"), and alleges as follows:

## INTRODUCTION

1.     This is a consumer protection class action against Bath & Body Works seeking damages and injunctive relief based on Defendants' material misrepresentations and omissions of fact regarding their car fragrance products (the "Products") whose corrosive liquid contents leak from their containers and cause damage to the surfaces of consumers' vehicles and vehicle components.

2.     Plaintiff and the Class members who purchased the Products suffered damages because Defendants fail to disclose known facts regarding the Products, and make misrepresentations about appropriate uses for the Products in the Products' description that lead consumers to install the Products in areas near interiors of their vehicles—such as the visor, seat pocket, or air vent—where the Products will drip or leak and cause significant damage. There are no warnings that the contents of the Products may corrode or otherwise cause damage to the vehicles or vehicle components.

3.     Plaintiff brings this case on behalf of a Class of similarly situated individuals for redress, monetary relief, and injunctive relief, including adequate notice regarding the Products' contents, proper manufacturing and package sealing practices, and other remedial measures and practices by Defendants.

4.     Plaintiff alleges claims under the consumer protection laws of the 50 states, including the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-1, et *seq*. ("ADTPA"); breach of implied warranty of merchantability; negligence; and unjust enrichment.

## PARTIES, JURISDICTION AND VENUE

5.     Plaintiff is a natural person and citizen of Alabama.

6.      Each Defendant is formed under Delaware law and has a principal place of business in Ohio.

7.      The Court has diversity jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d)(2)(A) because the case is brought as a class action, Plaintiff is from a different state than Defendants, and the amount in controversy exceeds $5 million.

8.      The Court has personal jurisdiction over Defendants because Defendants are at home in and maintain a principal place of business in Ohio.

9.      Venue is proper in this District because Defendants' headquarters are located in this District, and a substantial part of the events and omissions giving rise to the claims occurred in this District.

## FACTUAL BACKGROUND

10.      The Defendants manufacturer, package, distribute, advertise, and sell the Products through its physical and online retail channels, such as bathandbodyworks.com and other channels like Amazon.com. Defendants' website offerings of the Products include approximately 18 types of car fragrance holders, and 24 varieties of car fragrance refills purported to be specifically designed for installation in Bath & Body Works car fragrance holders.

11.      According to the overview Product description viewable on the web pages, the car fragrance holders feature a "built-in clip base [that] attaches to your visor, seat pocket or air vents." It "pairs with your favorite car fragrance refill (sold separately)." *See, e.g.*, https://www.bathandbodyworks.com/p/pearl-and-gems-car-fragrance-holder-026638017.html (last visited September 11, 2023).

12.      Likewise, the Product overview for the refills state that they "pair[] with your favorite car fragrance holder (sold separately)." *See e.g.*,

3

https://www.bathandbodyworks.com/p/renew-and-refresh-car-fragrance-refill-026660242.html

(last visited September 11, 2023). For physical location purchases, nowhere are the contents of the scents disclosed. For online purchases, only select varieties have on their Product page a link to "View Product Ingredients." Despite this, there are no warnings that any of the contents of the refills will leak and corrode vehicle interiors and components.

13.     Plaintiff purchased a Bath & Body Works car fragrance holder on January 27, 2023, from the Valley Bend Bath & Body Works, Store No. 82509, located at  2750 Carl T Jones Dr. SE, Huntsville, AL 35802. Shortly thereafter, Plaintiff installed the car fragrance holder in his vehicle's air vent, as instructed in the Product description. The description that Plaintiff reviewed appeared substantially the same as what now appears on the website. The representations included "built-in clip base [that] attaches to your visor, seat pocket or air vents." It "pairs with your favorite car fragrance refill (sold separately)." Plaintiff purchased the following Bath & Body Works refill varieties: Watermelon Lemonade, and Radiant Sky. No statement on the packaging of the Products that Plaintiff purchased disclosed the fact that the Products were inadequately sealed or would leak corrosive contents onto the interior of the vehicle, causing damage to the vehicle and the vehicle components. Plaintiff installed the Bath & Body Works refills in the holder as intended.

14.     Unbeknownst to Plaintiff, the Products began to leak, and the leaked contents of the Products came into contact with the air vents of Plaintiff's vehicle. Plaintiff first noticed the leak when he noticed the material around his vehicle's air vent was corroding, as depicted in the image below:



15.     After noticing the damage to his vehicle's air vents, Plaintiff removed the Products from his vehicle.

16.     Plaintiff is not alone in his experience. Numerous complaints can be found online voicing similar complaints:

- "Y'all look at what the Bath & Body Works car fragrance did to the car after it started leaking":



- ▪ https://www.tiktok.com/@evelyntellezm/video/708649601371585 2586?lang=en (last visited September 12, 2023)

- **Buyer beware! Will damage your car if it leaks.** It leaked and completely stripped the plastic area around my vent. Searched the internet and you tube. It's happened to others too. It would have ruined the leather on my car if I had not caught it in time. It was running and I dapped it with alcohol. Others who spoke about it were not as lucky. See the picture where I threw it on top of my dash to keep it from ruining my leather.

  - ▪ https://www.chickadvisor.com/item/bath-body-works- scentportables/ (last visited September 12, 2023)

- So crazy story. Crazy, but true. My mom bought herself a brand new BMW a few years ago. After years of wanting one, she treated herself. I bought her a starfish car scent portable thing as a car warming gift. I bought 5 or 6 scents so she could pick which one she wanted first and have a few spare. Fast forward, she goes to put the starfish thing up on the visor and it started leaking as soon as she hung it up. It peeled the varnish right off of her center console.

6

- https://www.reddit.com/r/bathandbodyworks/comments/i55a4q/an yone_have_bbw_car_fragrance_damage/ (last visited September 12, 2023)

- Can I sue bath and body works for ruining the interior of my car? I had bought the car fresheners from there and i put them on my vents. Well i get in my car to leave and the oil/fragrance has ran across the dash ripping off the interior in my car & it just peelings right off & you can definitely notice it. i am very unhappy with my purchase there & WILL never get them again.

- https://www.avvo.com/legal-answers/can-i-sue-bath-and-body- works-for-ruining-the-inte-5523082.html (last visited September 12, 2023)

17. Defendants have been aware of the defect in the Products since at least November 23, 2016, when a class action lawsuit was filed in Florida alleging that Defendants' fragrance refills "leak and melt easily, causing significant damage to almost all surfaces with which the unidentified substance they contain comes into contact." *See Zander v. L Brands, Inc.*, Case No. 3:16-cv-01328 (M.D. Fla.). Despite this knowledge, nothing has been done to prevent the deception and damage to Plaintiff and Class members.

18. Plaintiff and Class members were exposed to Defendants' advertisements and marketing representing the Products as suitable for installation in the interiors of their vehicles, and reasonably believed that the Products would be suitable for such purposes.

19. Defendants' affirmative misrepresentations and omissions of material fact concerning the defective Products were deceptive and likely to mislead consumers.

20. Had Plaintiff and Class members known that Products would leak and corrode and damage the interiors of their vehicles, they would not have purchased the Products. As a result of Defendants' deceptive acts and practices, Plaintiff and Class members suffered losses, including the loss of the benefit of the bargain for purchasing the Products that were deficient and not as advertised, property damage to the interiors of their vehicles in which the Products were installed

and used, and inconvenience, frustration, and annoyance.

**CLASS ACTION ALLEGATIONS**

21.     Plaintiff brings this action on behalf of all others similarly situated individuals (the "Class" or "National Class") pursuant to Fed. R. Civ. P. 23(a) and (b)(3) defined as follows.

> All persons in the United States whose property was damaged because Bath & Body Works car fragrance products leaked.

22.     Additionally the Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(a), 23(b)(3), 23(c)(4) and/or 23(c)(5) on behalf of a subclass of similarly situated individuals (the "Subclass" or "Alabama Subclass") defined as follows:

> All persons in Alabama whose property was damaged because Bath & Body Works car fragrance products leaked.

23.     Excluded from the Class and Subclasses are Defendants; any entity in which any of the Defendants has a controlling interest, is a parent or subsidiary, or which is controlled by any of the Defendants; and the affiliates, legal representatives, attorneys, heirs, predecessors, successors, and assigns of Defendants. Also excluded are the judges and court personnel in this case and any members of their immediate families.

24.     Plaintiffs reserve the right to modify and/or amend the Class definition, including but not limited to creating subclasses, as necessary.

25.     The Class members are so numerous that joinder of all members is impracticable. Though the exact number and identities of Class members are unknown at this time, the identities of Class members are ascertainable through Defendants' records, Class members' records, publication notice, self-identification, and other means.

26.     Common questions of law or fact predominate and include:

a.   Whether Defendants failed to exercise reasonable care in the formulation, design, manufacturing, promotion, marketing, advertising, packaging, labeling, distribution, and/or sale of the Products;

b.   Whether the Products' advertising and packaging was deceptive or misleading;

c.   Whether Defendants failed to inform Plaintiff and Class members that the Products would drip or lead, and cause damage to the interior of their vehicles;

d.   Whether the Products were defective;

e.   Whether Defendant knew the Products were defective;

f.   Whether Plaintiff and Class members suffered damages as a result of the Products and the measure of damages; and

g.   Whether Plaintiff and Class members are entitled to injunctive relief.

27.   Plaintiff's claims are typical of the other Class members because all were subjected to the same unlawful course of conduct by Defendants and assert the same theory of liability and damages.

28.   Plaintiff will fairly and adequately protect and represent the interests of the other Class members. Plaintiff's interests coincide with, and are not antagonistic to, those of the Class members.

29.   Common issues predominate over any individual inquiries because the focus is on Defendants' uniform practices and the defective nature of the Products. The Classes are definable and ascertainable.

30. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect Class members' interests adequately and fairly.

31. Class action treatment is a superior method for the fair and efficient adjudication of the controversy. Such treatment will permit a large number of similarly situated individuals to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, or expense that numerous individual actions would engender. The benefits of proceeding through the class mechanism, including providing injured persons a method for obtaining redress on claims that could not practicably be pursued individually, substantially outweigh potential difficulties in management of this class action.

32. Plaintiff knows of no difficulty to be encountered in the maintenance of this action that would preclude litigating it as a class action.

## CAUSES OF ACTION

### COUNT I
**Negligence**
**(Brought by Plaintiff on Behalf of the National Class)**

33. Plaintiff repeats and realleges paragraphs 1–33 as if fully set forth herein.

34. Defendants, directly or indirectly, caused the Products to be manufactured, distributed, marketed, promoted, and/or sold to Plaintiff and Class members.

35. At all times relevant to this litigation, Defendants owed a duty to Plaintiff and Class members, to exercise reasonable care in designing, marketing, supplying, packaging, promoting, and selling the Products.

36. Plaintiff and all Class members are reasonable consumers who expect companies, like Defendants, to manufacture, distribute, and sell Products that are safe and fit for advertised, ordinary, and intended purposes.

10

37.     At all relevant times, Defendant knew, or in the exercise of reasonable care, should have known that Plaintiff and Class members purchased the Products and used them for their ordinary and intended purposes—*i.e.*, installation and use in their vehicles.

38.     Defendants breached duties to design, manufacture, distribute, advertise, and sell the Products that are safe and fit for ordinary and intended uses.

39.     Despite the ability and means of Defendants to design, manufacture, distribute, and sell the Products without defects, Defendants failed to do so. Defendants wrongfully manufactured, distributed, advertised, and sold the Products that were unsafe and unfit for ordinary and intended purposes.

40.     Defendants' negligence included:

a.     Failing to exercise reasonable care in setting and adhering to manufacturing and quality standards, proper equipment calibration, and quality assurance;

b.     Failing to use reasonable and adequate materials, ingredients, and components in the packaging and formulation of the Products, and failing to ensure that the Products that left their facilities were safe and fit for ordinary and intended purposes;

c.     Selling and distributing the Products while negligently and/or intentionally concealing the defective nature of the Products;

d.     Misrepresenting the appropriate uses for the Products, and omitting material information regarding the defects of the Products and the corrosive contents of the Products; and

e.     Failing to promptly notify or adequately disclose the defects in the Products to Plaintiff and Class members.

41.     As a direct and proximate result of Defendants' breaches of duties of care, Plaintiff and Class members have suffered and will continue to suffer injuries, including but not limited to out-of-pocket expenses for purchasing Products that were defective and harmful, time and money spent to address, repair, or replace damaged vehicles and vehicle components in which the Products were installed, and inconvenience, frustration, and annoyance.

## COUNT II
### Breach of Implied Warranty of Merchantability
### (Brought by Plaintiff on Behalf of the National Class)

42.     Plaintiff repeats and realleges paragraphs 1–42 as if fully set forth herein.

43.     Defendants are merchants and were at all relevant times involved in the manufacturing, distributing, warranting, and selling of the Products.

44.     The Products are "goods," and Defendants knew or had reason to know of the specific use for which the Products, as goods, were purchased.

45.     The implied warranty of merchantability included with the sale of the Products, warranted that the Products would be fit for the ordinary and intended purposes. The implied warranty of merchantability is part of the basis for the benefit of the bargain between Defendants, and Plaintiff and Class members.

46.     Defendants breached the implied warranty of merchantability because the Products were not fit for their ordinary purposes as alleged herein.

47.     All conditions precedent have occurred or been performed.

48.     As a direct and proximate result of Defendants' breaches of the implied warranty of merchantability, Plaintiff and Class members have suffered and will continue to suffer injuries, including but not limited to out-of-pocket expenses for purchasing Products that were defective

and harmful, time and money spent to address, repair, or replace damaged vehicles and vehicle components in which the Products were installed, and inconvenience and annoyance.

**<u>COUNT III</u>**
**Violation of the Alabama Deceptive Trade Practices Act**
**Ala. Code § 8-19-1, *et seq*.**
**(Brought by Plaintiff on Behalf of the Alabama Subclass)**

49.     Plaintiff repeats and realleges paragraphs 1–49 as if fully set forth herein.

50.     The Alabama Deceptive Trade Practices Act ("ADTPA") protects consumers from deceptive acts or practices in trade or commerce. Ala. Code § 8-19-1, *et seq*.

51.     Plaintiff and Class members are consumers under Ala. Code § 8-19-3(4).

52.     Among other things, the ADTPA prohibits:

   a.     Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities that they do not have. Ala. Code § 8-19-5(5).

   b.     Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another. Ala. Code § 8-19-5(7).

   c.     Engaging in any unconscionable, false, misleading, or deceptive act or practice in the conduct of trade or commerce. Ala. Code § 8-19-5(27).

53.     Defendants made false and deceptive statements, and misrepresented, concealed, and omitted material facts regarding the Products, including the misrepresentation that the Products were safe and suitable for installation in Plaintiff's and Class members' vehicles, and the material omission that the Products were insufficiently sealed and leaked corrosive substances that damaged Plaintiff's and Class members' vehicles and vehicle components when installed and used as directed.

54.     Defendants' aforementioned misrepresentations, omissions, and concealment regarding the Products constitute unfair and deceptive acts or practices.

13

55.     Defendants' aforementioned misrepresentations, omissions, and concealment possess the tendency or capacity to mislead and create the likelihood of consumer confusion.

56.     Defendants' aforementioned misrepresentations, omissions, and concealment were used or employed in the conduct of trade or commerce, namely, the manufacturing, marketing, and sale of the Products to Plaintiff and Class members.

57.     Defendants' aforementioned misrepresentations, omissions, and concealment are unconscionable because they offend public policy and/or cause substantial injury to consumers.

58.     Defendants intended that Plaintiff and Class members rely on their false statements, misrepresentations, omissions, and concealment of material facts in purchasing the Products.

59.     Plaintiff and Class members reasonably relied on Defendants' misrepresentations, omissions, and concealment when they purchased the Products.

60.     Had Plaintiff and Class members been aware of the true facts regarding the defects in the Products, they would not have purchased the Products.

61.     Plaintiff and Class members could not reasonably have avoided the injuries they suffered because of Defendants' unlawful conduct. They did not have any reason to suspect that the Products were unsuitable for their advertised, ordinary, and intended purposes.

62.     As a direct and proximate result of Defendants' unfair and deceptive acts or practices, Plaintiff and Class members have suffered and will continue to suffer injuries, including but not limited to out-of-pocket expenses for purchasing Products that were defective and harmful, time and money spent to address, repair, or replace damaged vehicles and vehicle components in which the Products were installed, and inconvenience, frustration, and annoyance.

**COUNT IV**
**Violation of the Consumer Fraud and Deceptive Trade**
**Practices Acts of the Various States and District of Columbia**
**(Brought by Plaintiff on Behalf of the National Class)**

14

63.     Plaintiff repeats and re-alleges the allegations in Paragraphs 1–63 as if fully set forth herein.

64.     Plaintiff brings this Count individually, and on behalf of all similarly situated residents of each of the 50 states and the District of Columbia for violations of the respective statutory consumer protection laws, as follows:

- the Alabama Deceptive Trade Practices Act, Ala. Code 1975, § 8–19–1, et seq.;

- the Alaska Unfair Trade Practices and Consumer Protection Act, AS § 45.50.471, et seq.;

- the Arizona Consumer Fraud Act, A.R.S §§ 44-1521, et seq.;

- the Arkansas Deceptive Trade Practices Act, Ark.Code §§ 4-88-101, et seq.;

- the California Unfair Competition Law, Bus. & Prof. Code §§17200, et seq. and 17500 et seq.;

- the California Consumers Legal Remedies Act, Civil Code §1750, et seq.;

- the Colorado Consumer Protection Act, C.R.S.A. §6-1-101, et seq.;

- the Connecticut Unfair Trade Practices Act, C.G.S.A. § 42-110, et seq.;

- the Delaware Consumer Fraud Act, 6 Del. C. § 2513, et seq.;

- the D.C. Consumer Protection Procedures Act, DC Code § 28-3901, et seq.;

- the Florida Deceptive and Unfair Trade Practices Act, FSA § 501.201, et seq.;

- the Georgia Fair Business Practices Act, OCGA § 10-1-390, et seq.;

- the Hawaii Unfair Competition Law, H.R.S. § 480-1, et seq.;

- the Idaho Consumer Protection Act, I.C. § 48-601, et seq.;

15

- the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 501/1 et seq.;

- the Indiana Deceptive Consumer Sales Act, IN ST § 24-5-0.5-2, et seq.;

- The Iowa Private Right of Action for Consumer Frauds Act, Iowa Code Ann. § 714H.1, et seq.;

- the Kansas Consumer Protection Act, K.S.A. § 50-623, et seq.;

- the Kentucky Consumer Protection Act, KRS 367.110, et seq.;

- the Louisiana Unfair Trade Practices and Consumer Protection Law, LSA-R.S. 51:1401, et seq.;

- the Maine Unfair Trade Practices Act, 5 M.R.S.A. § 205-A, et seq.;

- the Maryland Consumer Protection Act, MD Code, Commercial Law, § 13-301, et seq.;

- the Massachusetts Regulation of Business Practices for Consumers Protection Act, M.G.L.A. 93A, et seq.;

- the Michigan Consumer Protection Act, M.C.L.A. 445.901, et seq.;

- the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. § 325F.68, et seq.;

- the Mississippi Consumer Protection Act, Miss. Code Ann. § 75-24-1, et seq.;

- the Missouri Merchandising Practices Act, V.A.M.S. § 407, et seq.;

- the Montana Unfair Trade Practices and Consumer Protection Act of 1973, Mont. Code Ann. § 30-14-101, et seq.;

- the Nebraska Consumer Protection Act, Neb.Rev.St. §§ 59-1601, et seq.;

- the Nevada Deceptive Trade Practices Act, N.R.S. 41.600, et seq.;

- the New Hampshire Regulation of Business Practices for Consumer Protection, N.H.Rev.Stat. § 358-A:1, et seq.;

- the New Jersey Consumer Fraud Act, N.J.S.A. 56:8, et seq.;

- the New Mexico Unfair Practices Act, N.M.S.A. §§ 57-12-1, et seq.;

- the New York Consumer Protection from Deceptive Acts and Practices, N.Y. GBL (McKinney) § 349, et seq.;

- the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen Stat. § 75-1.1, et seq.;

- the North Dakota Consumer Fraud Act, N.D. Cent.Code Chapter 51-15, et seq.;

- the Ohio Consumer Sales Practices Act, R.C. 1345.01, et seq.;

- the Oklahoma Consumer Protection Act, 15 O.S.2001, §§ 751, et seq.;

- the Oregon Unlawful Trade Practices Act, ORS 646.605, et seq.;

- the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, et seq.;

- the Rhode Island Deceptive Trade Practices Act, G.L.1956 § 6-13.1-5.2(B), et seq.;

- the South Carolina Unfair Trade Practices Act, SC Code 1976, §§ 39-5-10, et seq.;

- the South Dakota Deceptive Trade Practices and Consumer Protection Act, SDCL § 37-24-1, et seq.;

- the Tennessee Consumer Protection Act, T.C.A. § 47-18-101, et seq.;

- the Texas Deceptive Trade Practices-Consumer Protection Act, V.T.C.A., Bus. & C. § 17.41, et seq.;

- the Utah Consumer Sales Practices Act, UT ST § 13-11-1, et seq.;

- the Vermont Consumer Fraud Act, 9 V.S.A. § 2451, et seq.;

- the Virginia Consumer Protection Act of 1977, VA ST § 59.1-196, et seq.;

- the Washington Consumer Protection Act, RCWA 19.86.010, et seq.;

- the West Virginia Consumer Credit And Protection Act, W.Va.Code § 46A-1-101, et seq.;

- the Wisconsin Deceptive Trade Practices Act, WIS.STAT. § 100.18, et seq.; and

- the Wyoming Consumer Protection Act, WY ST § 40-12-101, et seq.

65. Defendants made false and deceptive statements, and misrepresented, concealed, and omitted material facts regarding the Products, including the misrepresentation that the Products were safe and suitable for installation in Plaintiff's and Class members' vehicles, and the material omission that the Products were insufficiently sealed and leaked corrosive substances that damaged Plaintiff's and Class members' vehicles and vehicle components.

66. Defendants' aforementioned misrepresentations, omissions, and concealment regarding the Products constitute unfair and deceptive acts or practices.

67. Defendants' aforementioned misrepresentations, omissions, and concealment possess the tendency or capacity to mislead and create the likelihood of consumer confusion.

68. Defendants' aforementioned misrepresentations, omissions, and concealment were used or employed in the conduct of trade or commerce, namely, the manufacturing, marketing, and sale of the Products to Plaintiff and Class members.

69.     Defendants' aforementioned misrepresentations, omissions, and concealment are unconscionable because they offend public policy and/or cause substantial injury to consumers.

70.     Defendants intended that Plaintiff and Class members rely on their false statements, misrepresentations, omissions, and concealment of material facts in purchasing the Products.

71.     Plaintiff and Class members reasonably relied on Defendants' misrepresentations, omissions, and concealment when they purchased the Products.

72.     Had Plaintiff and Class members been aware of the true facts regarding the defects in the Products, they would not have purchased the Products.

73.     Plaintiff and Class members could not reasonably have avoided the injuries suffered because of Defendants' unlawful conduct. They did not have any reason to suspect that the Products were unsuitable for their advertised, ordinary, and intended purposes.

74.     As a direct and proximate result of Defendants' unfair and deceptive acts or practices, Plaintiff and Class members have suffered and will continue to suffer injuries, including but not limited to out-of-pocket expenses for purchasing Products that were defective and harmful, time and money spent to address, repair, or replace damaged vehicles and vehicle components in which the Products were installed, and inconvenience, frustration, and annoyance.

## COUNT V
### Unjust Enrichment
### (Brought by Plaintiff on Behalf of the National Class)

75.     Plaintiff repeats and re-alleges the allegations in Paragraphs 1–75 with the same force and effect as though fully set forth herein.

76.     Defendants, individually and acting jointly, collectively, and in concert together, made, and continue to make, false and fraudulent statements, and misrepresented, omitted, and concealed material facts regarding the Products.

77.     Because Defendants are individually, jointly, and collectively responsible for, and acting jointly, collectively, and in concert together control, the manufacturing, marketing, distribution, and sale of the Products, Defendants knew that their misrepresentations and omissions regarding the Products were false.

78.     Defendants knew that Plaintiff and Class members would rely on Defendants' misrepresentations and omissions concerning the Products.  Defendants also knew that Plaintiff and Class members would only be willing to purchase the Products if Defendants committed the deceptive acts as alleged herein.

79.     Plaintiff and Class members reasonably relied on Defendants' misrepresentations and omissions.

80.     Acting as reasonable consumers, Plaintiff and Class members could not have avoided the injuries suffered by purchasing the Products.

81.     Plaintiff and Class members conferred a benefit on Defendants—*i.e.*, the money that they paid for the Products under the false belief that they were suitable for their advertised, ordinary and intended purposes.

82.     Acting as reasonable consumers, had Plaintiff and Class members been aware of the true facts regarding the Products, they would have declined to purchase the Products.

83.     Defendants have unjustly received and retained a benefit at the expense of Plaintiff and Class members because Defendants unlawfully acquired their profits for defective Products that were not suitable for their advertised, ordinary, and intended purposes.

84.     Defendants' retention of that benefit violates the fundamental principles of justice, equity, and good conscience.

85.     Under the principles of equity, Defendants should not be allowed to keep the money belonging to Plaintiff and Class members because Defendants have unjustly received it as a result of Defendants' unlawful actions described herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and the Class members, respectfully requests that this Court:

A.     Certify the Classes as proposed herein, designating Plaintiff as Class representative, and appointing undersigned counsel as Class Counsel;

B.     Declaring that Defendants are responsible for notifying the members of the Class about the pendency of this action;

C.     Award all actual, general, special, incidental, statutory, punitive, and consequential damages to which Plaintiff and Class members are entitled;

D.     Awarding restitution and disgorgement of Defendants' revenues gained from their unlawful conduct;

E.     Award pre-judgment and post-judgment interest;

F.     Grant appropriate injunctive and/or declaratory relief, including but not limited to providing adequate warnings or instructions regarding appropriate installation of the Products, modifying of the ingredients and manufacturing processes of the Products so they do not leak, and ceasing from manufacturing and selling the Products using the corrosive ingredients that damage interiors of vehicles;

G.     Award reasonable attorney's fees and costs; and

H.     Grant such further relief that this Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands trial by jury in this action

of all issues so triable.

Respectfully Submitted

*/s/ Marc E. Dann*
Marc E. Dann (0039425)
Brian D. Flick (0081605)
Jeffery A. Crossman (0073461)
**DannLaw**
15000 Madison Avenue
Lakewood, Ohio 44107
(216) 373-0539 phone
(216) 373-0536 facsimile
notices@dannlaw.com

Thomas A. Zimmerman, Jr.
(*pro hac vice application forthcoming*)
**ZIMMERMAN LAW OFFICES, P.C.**
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile
tom@attorneyzim.com

*Attorneys for Plaintiff and the
Proposed Classes*